UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| LAURENTINA LOPEZ | § |
| | § CIVIL ACTION NO. _____ |
| v. | § |
| | § JURY DEMANDED |
| ADHIKARI RADHIKA | § |

**COMPLAINT FOR A CIVIL CASE ALLEGING NEGLIGENCE**
**(28 U.S.C. § 1332; Diversity of Citizenship)**

**PARTIES / SERVICE OF PROCESS**

1. Plaintiff LAURENTINA LOPEZ is a United States citizen. Ms. Lopez is a citizen of Texas, who is domiciled in Webb County, Texas.

2. Defendant ADHIKARI RADHIKA is a citizen of the United States, or a lawful resident of the United States. Defendant is a citizen of Ohio, who is domiciled in Licking County, Ohio.

3. Defendant may be served with process by serving her at the following address, or wherever she may be found:

   Adhikari Radhika
   173 Purple Finch Loop
   Etna, Ohio  43062

**JURISDICTION**

4. This Court has personal jurisdiction over Defendant because, at all times relevant to this case, Defendant was doing business in Texas since Defendant's employee, Kishor Kumar Thapa, committed a tort in Texas while driving Defendant's motor vehicle in Texas in the course and scope of his employment for Defendant. This Court has diversity jurisdiction over Plaintiff's claims because the action is between a citizen of a state (Texas) and a citizen of another state (Ohio), and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

28 U.S.C. §1332 (a)(1).

## VENUE

5.      Venue is proper in the Southern District of Texas because the events or omissions giving rise to Plaintiff's claims occurred in Webb County, Texas, which is within the Laredo Division of the Southern District of Texas.  28 U.S.C. §1391 (b)(2).

## FACTS

6.      On April 18, 2024, Plaintiff was a pedestrian on the premises of the "Flying J" retail store, located at 1011 Beltway Parkway in Laredo, Webb County, Texas.

7.      Plaintiff was employed at the Flying J.  She had parked her car in the Flying J parking lot, and was walking across the travel-way in front of the store, intending to enter the store's front door, and begin her work shift.

8.      Kishor Kumar Thapa, in the course and scope of his employment for Defendant, was driving his employer's Ram Promaster 1500 van in furtherance of his employer's business interests in Texas.  Mr. Thapa was driving his employer's vehicle down the travel-way in front of the Flying J where Plaintiff was a pedestrian.

9.      Plaintiff was nearly across the travel-way, and was about to step onto the sidewalk in front of the store, and enter the store's front door.  There were no obstructions to Mr. Thapa's view of Plaintiff, who was directly in front of him, and who was in his plain view.

10.     Mr. Thapa knew or should have known that pedestrians would cross the travel-way to enter the front door to the Flying J.  Mr. Thapa failed to keep a proper lookout, and he failed to control his speed.  As a result, he struck Plaintiff with the right front portion of his vehicle.  The impact violently threw Plaintiff to the pavement, seriously injuring her.

## NEGLIGENCE OF MR. THAPA

11. The incident described above, and the resulting injuries and damages suffered by Plaintiff were actually and proximately caused by Mr. Thapa's negligence in one or more of the following acts or omissions:

    A. failing to use due care to avoid striking a pedestrian;

    B. failing to control his speed;

    C. failing to maintain a proper lookout;

    D. driving while distracted or inattentive;

    E. failing to timely and properly apply his brakes prior to striking Plaintiff;

    F. failing to take proper evasive action to avoid striking Plaintiff, and

    G. failing to maintain control of his vehicle.

## RESPONDEAT SUPERIOR.

12. Defendant owned or leased or otherwise controlled the vehicle Mr. Thapa was driving at the time of the incident. At that time, Mr. Thapa was Defendant's employee, and was driving her vehicle in the course and scope of his employment. Defendant is liable to Plaintiff for Mr. Thapa's negligence through the doctrine of respondeat superior.

## NEGLIGENT HIRING, SUPERVISION, TRAINING, or RETENTION.

13. Defendant has a common law duty to hire, supervise, train, and retain competent employees.

14. Defendant was negligent in failing to use ordinary care when hiring, supervising, training, or retaining Mr. Thapa, who was not qualified to safely drive Defendant's vehicle.

15. Mr. Thapa committed an actionable tort against Plaintiff, who suffered damages from the foreseeable misconduct of Mr. Thapa who was hired pursuant to the Defendant's negligent practices.

## DAMAGES

16. As a direct and proximate result of Defendant's acts and omissions, Plaintiff suffered serious personal injury. Plaintiff's damages include,

    A. past, present, and future medical bills;

    B. past, present, and future physical pain and mental anguish;

    C. past, present, and future physical impairment;

    D. past, present, and future disfigurement;

    E. lost earnings and/or lost earnings capacity.

17. Plaintiff demands judgment against Defendant for more than $1 million, plus costs.

## PREJUDGEMENT INTEREST

18. Plaintiff seeks pre-judgment interest on past damages.

## JURY DEMAND

19. Plaintiff demands a jury.

## P R A Y E R

Plaintiff prays that, on final trial, Plaintiff have:

1. Judgment against Defendant for actual damages;

2. Pre-judgment interest;

3. Post-judgment interest;

4. Costs of suit;

5. All such other relief, at law or at equity, to which Plaintiff may show herself to be entitled.

S/Edward L. Ciccone

_____
Edward L. Ciccone
**Attorney In Charge For Laurentina Lopez**
Tx.SBN 04250550 / S.D.Tx.ID 82519
Ezequiel Reyna, Jr.
Tx.SBN 16794798 / S.D.Tx.ID 58290
LAW OFFICE OF EZEQUIEL REYNA, JR. L.L.P.
702 W. Expressway 83 / Weslaco, Texas 78596
Phone:  (956)968-9556 / Fax:  (956) 969-0492
elciccone@mail.com / edwardlciccone@aol.com

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Laurentina Lopez

**(b)** County of Residence of First Listed Plaintiff: Webb County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edward Ciccone / Law Office of Ezequiel Reyna, Jr.
702 W. Exp. 83, Weslaco, TX 78596 / (956) 968-9556

## DEFENDANTS
Adhikari Radhika

County of Residence of First Listed Defendant: Licking County, OH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
None known at this time.

## II. BASIS OF JURISDICTION
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT

**CONTRACT**: 110 Insurance; 120 Marine; 130 Miller Act; 140 Negotiable Instrument; 150 Recovery of Overpayment & Enforcement of Judgment; 151 Medicare Act; 152 Recovery of Defaulted Student Loans (Excludes Veterans); 153 Recovery of Overpayment of Veteran's Benefits; 160 Stockholders' Suits; 190 Other Contract; 195 Contract Product Liability; 196 Franchise

**TORTS — PERSONAL INJURY**: 310 Airplane; 315 Airplane Product Liability; 320 Assault, Libel & Slander; 330 Federal Employers' Liability; 340 Marine; 345 Marine Product Liability; [x] 350 Motor Vehicle; 355 Motor Vehicle Product Liability; 360 Other Personal Injury; 362 Personal Injury - Medical Malpractice; 365 Personal Injury - Product Liability; 367 Health Care/Pharmaceutical Personal Injury Product Liability; 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: 370 Other Fraud; 371 Truth in Lending; 380 Other Personal Property Damage; 385 Property Damage Product Liability

**REAL PROPERTY**: 210 Land Condemnation; 220 Foreclosure; 230 Rent Lease & Ejectment; 240 Torts to Land; 245 Tort Product Liability; 290 All Other Real Property

**CIVIL RIGHTS**: 440 Other Civil Rights; 441 Voting; 442 Employment; 443 Housing/Accommodations; 445 Amer. w/Disabilities - Employment; 446 Amer. w/Disabilities - Other; 448 Education

**PRISONER PETITIONS — Habeas Corpus**: 463 Alien Detainee; 510 Motions to Vacate Sentence; 530 General; 535 Death Penalty; **Other**: 540 Mandamus & Other; 550 Civil Rights; 555 Prison Condition; 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**: 625 Drug Related Seizure of Property 21 USC 881; 690 Other

**LABOR**: 710 Fair Labor Standards Act; 720 Labor/Management Relations; 740 Railway Labor Act; 751 Family and Medical Leave Act; 790 Other Labor Litigation; 791 Employee Retirement Income Security Act

**IMMIGRATION**: 462 Naturalization Application; 465 Other Immigration Actions

**BANKRUPTCY**: 422 Appeal 28 USC 158; 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**: 820 Copyrights; 830 Patent; 835 Patent - Abbreviated New Drug Application; 840 Trademark; 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**: 861 HIA (1395ff); 862 Black Lung (923); 863 DIWC/DIWW (405(g)); 864 SSID Title XVI; 865 RSI (405(g))

**FEDERAL TAX SUITS**: 870 Taxes (U.S. Plaintiff or Defendant); 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**: 375 False Claims Act; 376 Qui Tam (31 USC 3729(a)); 400 State Reapportionment; 410 Antitrust; 430 Banks and Banking; 450 Commerce; 460 Deportation; 470 Racketeer Influenced and Corrupt Organizations; 480 Consumer Credit (15 USC 1681 or 1692); 485 Telephone Consumer Protection Act; 490 Cable/Sat TV; 850 Securities/Commodities/Exchange; 890 Other Statutory Actions; 891 Agricultural Acts; 893 Environmental Matters; 895 Freedom of Information Act; 896 Arbitration; 899 Administrative Procedure Act/Review or Appeal of Agency Decision; 950 Constitutionality of State Statutes

## V. ORIGIN
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 (a)(1)

Brief description of cause:
Action alleging personal injury from negligence involving a motor vehicle but not caused by a defective product.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ $1 million
- JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 7/7/25

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE